JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Enrique Rodriguez-Macias,   )   No. CV 10-1487-PHX-DGC (MEA)
    Plaintiff,   )   **ORDER**
vs.   )
Eric H. Holder, Jr., et al.,   )
    Defendants.   )

Plaintiff Enrique Rodriguez-Macias has filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and an Application to Proceed *In Forma Pauperis*. The Court will grant leave to proceed *in forma pauperis* and dismiss the Complaint for lack of jurisdiction.

**I.   Application to Proceed *In Forma Pauperis***

When he filed this action, Plaintiff was confined in a Department of Homeland Security (DHS) detention facility awaiting the conclusion of civil immigration proceedings, but he was subsequently released and he now resides in Tucson. Plaintiff is therefore not subject to the Prison Litigation Reform Act (PLRA) fee payment requirements that apply only to "prisoners." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002) ("the filing fee requirements of the PLRA do not apply to an alien detainee proceeding *in forma pauperis*"). Accordingly, Plaintiff's Application to Proceed *in Forma Pauperis* will be granted.

**II.   Statutory Screening of *In Forma Pauperis* Complaints**

The Court is required to screen complaints brought by indigent litigants. 28 U.S.C. § 1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (*en banc*) (§ 1915(e)

"applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* inmate] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez, 203 F.3d at 1127-29. Plaintiff's Complaint will be dismissed without leave to amend because its defects cannot be corrected by the allegation of other facts.

**III.   Complaint**

    **A.   Background**

Plaintiff is a native of Mexico, who was admitted to the United States as a lawful permanent resident in 1980. In November of 1997, Plaintiff was convicted of indecent exposure in violation of California Penal Code (CPC) § 314(1). On May 3, 2004, Plaintiff was convicted of child annoyance in violation of CPC § 647.6(a). Based on those convictions, immigration authorities issued a Notice to Appear charging that Plaintiff was removable under 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien convicted of two crimes involving moral turpitude, and under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien convicted of a child abuse offense. An immigration judge subsequently issued an order for Plaintiff's removal from the United States and the Board of Immigration Appeals (BIA) affirmed. On July 22, 2008, the United States Court of Appeals for the Ninth Circuit granted Plaintiff's petition for review and remanded to the BIA. Rodriguez-Macias v. Mukasey, No. 06-72061, 2008 WL 2812534 (9th Cir. Jul. 22, 2008) (unpublished memorandum). The Ninth Circuit held that Plaintiff was not removable under § 1227(a)(2)(A)(ii) because his CPC § 647(a) child annoyance conviction is not a crime involving moral turpitude. The Ninth Circuit also held that the BIA erred in failing to address Plaintiff's claim that his CPC § 647.6(a) conviction did not constitute a crime of child abuse for purposes of § 1227(a)(2)(E)(i). Id. at *1.

On remand, the BIA held that Plaintiff's CPC § 647.6(a) offense qualified as child abuse and again issued an order for his removal from the United States. On May 21, 2010, the Ninth Circuit granted Plaintiff's second petition for review, holding that Plaintiff was not removable based on his California child annoyance conviction. Rodriguez-Macias v. Holder, No. 09-71054, 2010 WL 2034697 (9th Cir. May 21, 2010) (unpublished memorandum).

    **B.   Claims**

In his four-count Complaint, Plaintiff sues the following Defendants: Attorney General Eric H. Holder, Jr., Secretary of Homeland Security Janet Napolitano, and Director of Immigration and Customs Enforcement John Morton. In Count I, Plaintiff claims Defendants Holder and Napolitano violated his rights under the Fourteenth Amendment by

1 charging him with removability for having been convicted of a child abuse conviction based
2 on his CPC § 647.6(a) child annoyance conviction. In Count II, Plaintiff claims that by
3 charging him with removability under 8 U.S.C. § 1227(a)(2)(E)(i) "defendant(s) have
4 excessively prolonged [his] detention causing him much pain, grief and sorrow based on an
5 erroneous believe [sic] that [he] was removable from the U.S.A." in violation of his
6 Fourteenth Amendment rights. Doc. 1 at 4. In Count III, Plaintiff claims that "defendant(s)"
7 improperly deprived him of his liberty in violation of the Fifth Amendment by falsely
8 charging that his child annoyance conviction constituted a child abuse offense, which
9 "interfered with [his] early release and/or termination of proceedings." Doc. 1 at 5. In Count
10 IV, Plaintiff claims that "defendant(s)" violated his First Amendment rights by preventing
11 him from being as religiously active as he would have been if he had not been detained.
12 Plaintiff seeks monetary damages "whether there is a constitutional violation or not because
13 [he] need[s] money . . . and because [he] was not in this critical condition before this matter
14 got started." Doc. 1 at 7. Plaintiff also seeks an order releasing him from detention.

## IV.    Discussion

### A.    Claim for Release

In addition to damages, Plaintiff seeks an order compelling his immediate release from detention. Such relief may only be obtained in a habeas corpus case, not a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who seeks immediate or speedier release from confinement). But the Court will not treat this action as a habeas corpus petition because Plaintiff's post-filing release from detention moots his claim for release. See Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (a habeas corpus "petitioner's release from detention under an order of supervision 'moots his challenge to the legality of his extended detention'") (quoting Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)).

### B.    Failure to State a Claim Against the Named Defendants

Plaintiff also seeks damages against the Defendants for improperly charging him with removability and subjecting him to detention based on his CPC § 647.6(a) child annoyance

- 4 -

conviction. But because Plaintiff has failed to allege any personal involvement by any of the named Defendants, his Complaint must be dismissed for failure to state a claim. See Iqbal, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Although this pleading deficiency could be cured by alleging additional facts in an amended complaint, the Court finds that amendment would be futile because the Complaint suffers from a more fundamental defect.

### C.   Subject Matter Jurisdiction

The REAL ID Act of 2005 divested the district courts of jurisdiction over many immigration matters. As amended by the REAL ID Act, 8 U.S.C. § 1252(g) now provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This provision has been applied to strip the district courts of jurisdiction over Bivens actions seeking damages for a claim of wrongful commencement of removal proceedings. Sissoko v. Rocha, 509 F.3d 947, 950 (9th Cir. 2007).

Because Plaintiff is admittedly not a citizen or national of the United States, he is an "alien" for purposes of § 1252(g). Therefore, the question of whether the Court has jurisdiction turns on whether Plaintiff's claims arise out of a decision to "commence proceedings, adjudicate cases, or execute removal orders" against him. 8 U.S.C. § 1252(g). They do.

Plaintiff's four claims for relief depend upon the proposition that the Defendants improperly brought removal proceedings against him based on his CPC § 647.6(a) child annoyance conviction. Count I expressly challenges the Defendants' decision to commence removal proceedings: "The U.S. Secretary of Homeland Security treated me with indifference by charging me in violation of INA § 237(a)(2)(E)(i) or 8 U.S.C. § 1227(a)(2)(E)(i) for having a conviction under Calif. Penal Code § 647.6(a)." Doc. 1 at 3.

- 5 -

1  Plaintiff claims in Count II that Defendants unlawfully prolonged his detention "based on an
2  erroneous believe [sic] that [he] was removable from the U.S.A. and/or a danger to society."
3  Id. at 4.  Count III mirrors Count II: "The defendant(s) have restrained me of my legal
4  enjoyment of life, pursuit of happiness and economical progress for over 6 years by their
5  erroneous or false believe [sic] that I was removable from the U.S.A." Id. at 5.  In Count IV,
6  Plaintiff claims that Defendants violated his First Amendment right to freely practice his
7  religion, but he claims that they did so only by detaining him on a charge that he was
8  removable.  Each of his claims therefore arise from Defendants' decision to commence
9  removal proceedings against him.

10  That conclusion is bolstered by Plaintiff's explanation of his attempts to exhaust his
11  administrative remedies.  At the conclusion of each of his claims, Plaintiff asserts that "[o]n
12  May 21, 2010 [he] discovered [that his] assertions were correct upon receiv[ing the] 9th
13  Circuit Memorandum," which held that his convictions were not removable offenses. Id. at
14  3-6.  Because each of Plaintiff's claims "arise from the decision or action by the Attorney
15  General to commence [removal] proceedings," this Court lacks jurisdiction.  8 U.S.C.
16  § 1252(g); see also Sissoko, 509 F.3d at 951.

17  **IT IS ORDERED:**

18  (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.
19  (2)   The Complaint (Doc. 1) and this action are **dismissed** for lack of jurisdiction.
20  (3)   Plaintiff's request for summary judgment (Doc. 5) is **denied** as moot.
21  DATED this 4th day of April, 2011.

David G. Campbell
United States District Judge